UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KIEL GREENLEE,

    Plaintiff,                                        Case No. 3:14-cv-298

vs.

JUDGE THOMAS HANNA, *et al.*,        District Judge Walter H. Rice
                                                          Magistrate Judge Michael J. Newman

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S COMPLAINT BE DISMISSED FOR FAILURE TO PROSECUTE; (2) DEFENDANTS' MOTIONS TO DISMISS (DOCS. 11, 13) BE DENIED AS MOOT; AND (3) THIS CASE BE TERMINATED ON THE DOCKET**

This civil case is before the Court on the motions to dismiss filed by Defendants City of Kettering, Ohio and Judge Thomas Hanna. Docs. 11, 13. Memoranda opposing the motions to dismiss were due on or before December 1, 2014. *See* S.D. Ohio Civ. R. 7.2(a)(2); Fed. R. Civ. P. 6. To date, *pro se* Plaintiff has failed to file memoranda in opposition to these motions.

On December 4, 2014, the Court Ordered Plaintiff to Show Cause by December 19, 2014 as to why the two motions should not be granted for the reasons stated therein. Doc. 14. The Court warned Plaintiff that his failure to respond satisfactorily to the Show Cause Order could result in a dismissal of this action for failure to prosecute. *Id.* On January 14, 2015, the Court *sua sponte* afforded *pro se* Plaintiff additional time to comply with the Court's Show Cause Order, and Ordered Plaintiff to Show Cause by January 28, 2015 as to why the two motions to dismiss should not be granted for the reasons stated therein. Doc. 15. That Order specifically advised Plaintiff that his failure to respond to the Show Cause Order would result in the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

undersigned issuing this Report and Recommendation recommending dismissal of this case for failure to prosecute. Doc. 15 at PageID 56-57. To date, Plaintiff has failed to file memoranda in opposition to the motions to dismiss, or responses to the Court's Orders to Show Cause.

Plaintiff's failure to prosecute and to obey two Orders of the Court warrants dismissal of this case. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to sua sponte dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Accordingly, the undersigned **RECOMMENDS** that: (1) *pro se* Plaintiff's complaint (doc. 2) be **DISMISSED** for failure to prosecute; (2) Defendants' motions to dismiss (docs. 11, 13) be **DENIED** as moot; and (3) this case be **TERMINATED** on the Court's docket. The Clerk is **ORDERED** to mail a copy of this Report and Recommendation to Plaintiff at his address of record.

   **IT IS SO ORDERED.**

Date:   February 2, 2015                              s/ *Michael J. Newman*
                                                      Michael J. Newman
                                                      United States Magistrate

2

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).