UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KIEL GREENLEE,

    Plaintiff,

vs.

JUDGE THOMAS HANNA, *et al.*,

    Defendants.

Case No. 3:14-cv-298

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE CITY OF KETTERING, OHIO'S MOTION TO DISMISS (DOC. 11) BE GRANTED; (2) JUDGE HANNA'S MOTION TO DISMISS (DOC. 13) BE GRANTED; AND (3) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This is a 42 U.S.C. § 1983 civil rights action filed by *pro se* Plaintiff Kiel Greenlee ("Greenlee") against two Defendants: the City of Kettering, Ohio ("Kettering"); and Judge Thomas Hanna of Kettering Municipal Court ("Judge Hanna").  Doc. 2.  The case is now before the Court on the motions to dismiss filed by Kettering and Judge Hanna (docs. 11, 13), Plaintiff's memorandum in opposition (doc. 17),[2] and Defendants' reply memoranda (docs. 19, 20).  The Court has carefully considered each of these documents, and Defendants' motions to dismiss are now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The Court previously issued two Show Cause Orders -- due to Greenlee's failure to respond to Defendants' motions -- and a subsequent recommendation that his complaint be dismissed for failure to prosecute.  Docs. 14, 15, 16.  Greenlee filed objections in response to the Court's recommendation, which the Court construed as a memorandum in opposition to Defendants' motions to dismiss.  Docs. 17, 18.  The Court also rescinded its recommendation that the case be dismissed.  Doc. 18.

## I.

Greenlee's claims stem from two Kettering Municipal Court cases. Doc. 2 at PageID 12-15. In the first case, Greenlee came before Judge Hanna on charges of speeding and improper display of license plates. *Id.* at PageID 12; doc. 11-1 at PageID 41. At trial, Greenlee argued that the traffic stop occurred in West Carrollton, Ohio -- a location outside the jurisdiction of the Kettering Municipal Court. Doc. 2 at PageID 12. According to Greenlee, Judge Hanna ignored his argument on the ground that "a challenge of [j]urisdiction must be made pretrial," a finding that Greenlee argues is "in clear defiance of well[-]established precedence and Ohio Traffic Rule 11(B)(1)(b)." *Id.* Following trial, Judge Hanna found Greenlee guilty on both charges, and imposed fines totaling $175.00. *Id.*; doc. 11-2 at PageID 42. Judge Hanna subsequently issued several bench warrants after Greenlee failed to pay the fine or appear before him. Doc. 2 at PageID 13-14; doc. 11-2 at PageID 42-43. According to Greenlee, because Judge Hanna lacked jurisdiction over the underlying criminal charges, the judgments against him are void and the subsequent warrants "unlawful." Doc. 2 at PageID 12-13. Greenlee also claims that Judge Hanna failed to conduct hearings on his ability to pay the fines before issuing the warrants, pursuant to Ohio Rev. Code § 2947.14. *Id.* at PageID 13.

Greenlee's second case before Judge Hanna involved a charge of disorderly conduct. *Id.* at PageID 14. Greenlee claims that, under the terms of a plea bargain, he received a fine of $250.00 and court costs. *Id.* at PageID 15. According to Greenlee, Judge Hanna failed to inquire into his ability to pay the fine or conduct a hearing pursuant to Ohio Rev. Code § 2947.14. *Id.* Judge Hanna then issued several allegedly unlawful warrants against Greenlee without conducting hearings pursuant to Ohio Rev. Code § 2947.14. *Id.*

In this § 1983 case, Greenlee claims that Judge Hanna violated his due process, equal protection, and Fourth Amendment rights, and demonstrated a "malicious intent" to jail him at "all costs." *Id.* at PageID 12, 15, 16. According to Greenlee, Kettering is also responsible for the alleged constitutional violations because of Judge Hanna's "position of final policy[-]making authority." *Id.* at PageID 15. Judge Hanna and Kettering now both move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Docs. 11, 13.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached

to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, "even a *pro se* complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 678).

### III.

Judge Hanna argues that his motion to dismiss should be granted because, *inter alia,* he is immune from suit. Doc. 13 at PageID 46-47. State judges have two potential forms of immunity -- Eleventh Amendment immunity when sued in their official capacity and common law absolute immunity when sued individually. *McCormick,* 451 F.3d at 399 n.16. Here, Greenlee sued Judge Hanna in his individual and official capacities. Doc. 2 at PageID 11.

### A. Sovereign Immunity

"Individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (citations omitted). Judge Hanna is a Kettering Municipal Court judge. *See* doc. 2 at PageID 11-12. The Kettering Municipal Court is part of the Ohio state court system, created by the Ohio state legislature, and subject to the supervision of the Ohio Supreme Court. Ohio Rev. Code § 1901.01(A); Ohio Const., Art. IV § 5(A)(1). Accordingly, the Kettering Municipal Court is an arm of the state for purposes of Eleventh Amendment immunity, and a suit against Judge Hanna in his official capacity is a suit against the state of Ohio. *See*, *e.g.*, *Davis v. Jackson Cnty. Mun. Court*, 941 F.Supp.2d 870, 878-79 (S.D. Ohio Apr. 23, 2013); *Pucci v. Nineteenth Dist. Court,* 628 F.3d 752, 765 (6th Cir. 2010).

The Eleventh Amendment grants immunity to states from claims in federal court. *VIBO Corp., Inc. v. Conway,* 669 F.3d 675, 691 (6th Cir.2012). This immunity extends to claims against Ohio municipal courts. *See Lott v. Marietta Mun. Court,* 2:12–cv–1089, 2012 WL 6611615, at *1 (S.D. Ohio Dec. 19, 2012) ("[a]n Ohio municipal court is a component of state government and is therefore insulated from private federal court litigation by the Eleventh Amendment"); *Wise v. Steubenville Mun. Court,* No. 2:08–cv–00577, 2008 WL 4849233, at *1 (S.D. Ohio Nov. 6, 2008) (the Eleventh Amendment barred a suit against the Steubenville Municipal Court). Here, the undersigned finds that Greenlee's claims against Judge Hanna in his official capacity are barred by the Eleventh Amendment. Accordingly, the undersigned **RECOMMENDS** that such claims be dismissed.

### B. Absolute Judicial Immunity

As to Greenlee's individual-capacity suit, "[i]t is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages[,]" including § 1983 actions. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)). This doctrine is "justified 'by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.'" *Id.* (citations omitted). Absolute judicial immunity is only overcome when the actions at issue are "not taken in the judge's judicial capacity" or if they are "taken in the complete absence of all jurisdiction." *Id.* at 1116 (citing *Mireles*, 502 U.S. at 11-12). Greenlee argues that both exceptions to absolute judicial immunity are applicable. *See* doc. 17 at PageID 63.

To determine whether an act is judicial, courts ask whether it was a "function normally performed by a judge" and whether the parties "dealt with the judge in his judicial capacity." *Barnes*, 105 F.3d at 1116. Here, all actions alleged in the complaint -- holding trials, issuing warrants, and entering judgment -- are undeniably judicial functions undertaken while Judge Hanna presided over the underlying state cases. *See id.; see also Mann v. Conlin,* 22 F.3d 100, 104 (6th Cir.1994) (holding that where a judge's acts affect only the individual plaintiff in a specific judicial proceeding, those acts are "paradigmatic judicial acts"). A judge is immune from liability arising from such judicial acts, even if they were done with "malicious intent," as Greenlee alleges. Doc. 2 at PageID 16; *see, e.g., Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citation omitted) (holding that "judicial immunity applies to acts performed maliciously and corruptly as well as acts performed in bad faith or with malice").

Further, Judge Hanna did not act in the complete absence of all jurisdiction with regard to the traffic offense. "A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction." *Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004). The scope of such jurisdiction "must be construed broadly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

The Kettering Municipal Court has "jurisdiction within the municipal corporation[] of . . . Moraine[,]" while the Miamisburg Municipal Court has "jurisdiction within the municipal corporation[] of . . . West Carrollton[.]" Ohio Rev. Code § 1901.02(B). Greenlee alleges that the traffic stop occurred at "Mile Point 47 to 47 and one quarter on Interstate 75" in West Carrollton. Doc. 2 at PageID 12. However, both citations state that Greenlee was stopped in the City of Moraine. Doc. 11-1 at PageID 41. Therefore, even if Mile Point 47 on Interstate 75 is within the boundaries of West Carrollton -- and thus outside of Judge Hanna's jurisdiction -- "it does not appear that it was unreasonable for [Judge Hanna] to conclude, as a factual matter, that the alleged traffic violation occurred within his judicial jurisdiction." *Rose v. Vill. of Peninsula*, 839 F. Supp. 517, 527 (N.D. Ohio Dec. 1, 1993). Therefore, "it would be improper to say, based on this geographic argument, that [Judge Hanna] acted in complete absence of jurisdiction." *See id., see also Maestri v. Jutkofsky*, 860 F.2d 50, 53 (2d Cir. 1988) (to be denied immunity, "the judge must have known that he or she was acting in the clear absence of [territorial] jurisdiction").

Accordingly, accepting all facts as true and interpreted in the light most favorable to Greenlee, Judge Hanna remains judicially immune from the claims asserted. The undersigned thus finds merit to Judge Hanna's motion to dismiss claims against him in his individual capacity.

## IV.

In its motion to dismiss, Kettering asserts that Greenlee fails to identify any official policy or custom -- adopted or sanctioned by Kettering -- that caused his alleged constitutional injuries, and thus it cannot be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Doc. 11 at PageID 36-38. Greenlee argues that Kettering is liable for Judge Hanna's actions because he is a "final policymaker for the Defendant City of Kettering's Municipal Court." Doc. 17 at PageID 81. Kettering, in response, denies that Judge Hanna is a policymaker for the City of Kettering, and does not address whether he may be a policymaker for the Kettering Municipal Court. Doc. 19 at PageID 92.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. To prevail on a § 1983 claim, a plaintiff must demonstrate: (1) the deprivation of a right secured under the Constitution or federal law; and (2) that the deprivation was caused by a person acting under color of state law. *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 463 (6th Cir. 2006).

Municipalities, such as Kettering, are considered persons under § 1983, and "may be sued for constitutional deprivations." *Monell*, 436 U.S. at 690-91. However, a municipality cannot be held liable for the acts of its officials on a *respondeat superior* theory. *Id.* at 693. Instead, an official policy or custom must be the "moving force" behind the alleged constitutional deprivation. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). If an act is performed by an individual who is the final policymaker for the governmental entity, with respect to that particular subject matter, it may constitute an official policy or custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986). Determining whether an official had final

8

policymaking authority is a question of law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

Contrary to Greenlee's assertions, the Kettering Municipal Court is not part of the City of Kettering. *See* doc. 17 at PageID 81. Instead, the Kettering Municipal Court is an arm of the State of Ohio. *See supra* III; *see also Foster v. Walsh*, 864 F.2d 416, 418-19 (6th Cir. 1988) ("[i]t cannot seriously be argued that an Ohio municipal court is indistinguishable from the municipal corporation in which it sits"). Therefore, even assuming, *arguendo*, that Judge Hanna is a final policymaker for the Kettering Municipal Court, this does not make Kettering liable for Judge Hanna's allegedly unconstitutional actions. Accordingly, Greenlee's claims against Kettering fail as a matter of law. *See Walker v. Goldie*, No. 3:07-cv-281, 2008 WL 4449010, at *14 (S.D. Ohio Sept. 26, 2008) (holding that a "judge of an Ohio Municipal Court is neither a municipal nor a county employee, but rather an elected officer of the State of Ohio"); *Wellman v. PNC Bank*, 508 F. App'x 440, 443 (6th Cir. 2012) (state court judges are not municipal policymakers, but "members of an independent branch of the Ohio government").

Because Greenlee "cite[s] no authority for the proposition that Ohio state-court judges are [municipal] policymakers" -- and alleges no Kettering policy or custom[3] that Judge Hanna was acting pursuant to -- Kettering's motion to dismiss should be granted under Fed. R. Civ. P. 12(b)(6). *Id.* at 443; *see Monell*, 436 U.S. at 694.

---

[3] Greenlee also alleges that it was Judge Hanna's custom to not conduct Ohio Rev. Code § 2947.14 hearings, and instead to "order every offender to abide by a payment schedule." Doc. 17 at PageID 80. However, any such custom or practice would be attributable only to the Kettering Municipal Court, and not the City of Kettering, as discussed *supra.*

**V.**

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that: (1) Kettering's motion to dismiss (doc. 11) be **GRANTED**; (2) Judge Hanna's motion to dismiss (doc. 13) be **GRANTED**; and (3) this case be **TERMINATED** on the Court's docket.

Date:  May 7, 2015                                           *s/ Michael J. Newman*
                                                             Michael J. Newman
                                                             United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).